**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.**:

**MARIANO A. CUESTA**, as parent and natural
**GUARDIAN of C.C.**, a minor,

Plaintiff,

vs.

**KAWASAKI MOTORS, CORP. U.S.A.**,
and **THE PLASTICS GROUP, INC**.,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

**COMES NOW** the Plaintiff, **MARIANO A. CUESTA**, as parent and natural guardian of **C.C.**, a minor, (hereinafter the "Plaintiff or C.C."), by and through undersigned counsel, hereby sues Defendant, **KAWASAKI MOTORS, CORP. U.S.A.** (hereinafter "KMC"), a foreign corporation, and **THE PLASTICS GROUP, INC**. (hereinafter "PLASTICS"), a foreign corporation, (the two named parties collectively hereinafter known as "Defendants"), and further alleges:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

**1.** This is an action for damages in excess of $75,000 dollars, exclusive of interests, attorney's fees and costs, and is otherwise within the jurisdiction of this Court.

**2.** At all material times, **MARIANO A. CUESTA**, was over the age of 18, was/is a resident of the State of Florida, and is otherwise *sui juris*. Furthermore, the Plaintiff,, **C.C.**, is a minor, a resident of the State of Florida, and is otherwise sui juris.

**3.** At all material times, Defendant, **KMC**, was/is a foreign corporation, authorized

to do business in the State of Florida, and at all times material hereto, was doing business throughout the State of Florida, including Miami-Dade County.

**4.** At all material times, Defendant, **PLASTICS**, was/is a foreign corporation, authorized to do business in the State of Florida, and at all times material hereto, was doing business throughout the State of Florida, including Miami-Dade County. At all times material to this Complaint, the Defendant, **PLASTICS** was engaged in the business of manufacturing component parts for Kawasaki brand ATV's and placing these parts into the stream of commerce. Defendant **PLASTICS** manufactured, promoted and sold these products for use in Kawasaki ATV's, which were sold nationwide and expected to reach consumers within the State of Florida.

**5.** At all material times, Defendant, **KMC**, was/is a foreign corporation, authorized to do business in the State of Florida, and at all times material hereto, was doing business throughout the State of Florida, including Miami-Dade County. At all times material to this Complaint, Defendant, **KMC** was engaged in the business of manufacturing, marketing, advertising, promoting and selling ATV's nationwide.

**6.** This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, and, taken in conjunction with the diverse citizenship of the parties, is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332.

**7.** Venue is proper in this district, as the subject ATV was purchased in Miami-Dade County, Florida, and the events giving rise to this cause of action occurred within Miami-Dade County, Florida. The Plaintiff, **C.C.,** suffered serious bodily injury in Miami-Dade County, Florida, while using a product in the ordinary course of commerce, trade or use, that was designed, serviced, marketed, and/or manufactured by the Defendants.

**ALLEGATIONS COMMON TO ALL COUNTS**

**8.** At all t, the Plaintiff, **C.C.**, was an occupant of a 2005 Kawasaki Brute Force all-

terrain vehicle ("ATV or VEHICLE"), VIN Number JKAVFDA1X58509733, owned by **MARIANO A. CUESTA**.

**9.** On or about July 4, 2014, at or near 18360 S.E. 224th Street, Miami, Florida, the Plaintiff, **C.C.**, was seated on the ATV while it was turned on and idle when the coolant reservoir tank failed due to high internal pressure and temperature, causing the tank to explode and resulting in the Plaintiff suffering serious burns. The vehicle was driven by the Plaintiff's parent and legal guardian, **MARIANO A. CUESTA**.idle,

**10.** At that time and place, the ATV was operated in a manner that was intended and/ or reasonably foreseeable by the Defendants, when the coolant reservoir tank exploded, causing the Plaintiff, **C.C.** severe injury.

**11.** As a direct and proximate result of the negligence of the Defendants and the defect in it's product, the Plaintiff, **C.C.**, suffered severe bodily injury

**12.** The Defendants, at all material times hereto, were engaged in the business of designing and manufacturing motor vehicles and/or their component parts, including the all-terrain vehicle, which is the subject of the complaint, outside of the State of Florida, but with the intent, through marketing and sales, that they be sold and utilized within the State of Florida, specifically, in Miami-Dade County.

**13.** The Defendant, **KMC**, sold and distributed the vehicle, which is the subject of the Complaint, within the State of Florida.

**14.** The Defendant, **PLASTICS,** manufactured the defective coolant reservoir tank, which is the subject of this Complaint, with the knowledge and expectation that it would be placed on ATV's that would be sold within the State of Florida.

**15.** At all material times hereto, the Defendants, adopted a design defect and manufacturing process for the vehicle and component parts of the ATV, which were not common, usual, customary, prudent, or in accordance with the established industry standards

relating to the manufacture of similar motor vehicles of a similar intended and/or reasonable function.

**16.** At all material times hereto, the ATV was designed and manufactured without consideration for the failing coolant system and its system components, which caused the coolant reservoir tank to over-pressurize, resulting in the coolant and its reservoir tank to fail due to blockage of the vent port.

**17.** At all material times hereto, the ATV and its component parts, including the coolant reservoir tank, were designed and manufactured without consideration for vehicle integrity and vehicle safety, while being used in an intended and/or in a reasonably foreseeable manner.

**18.** At all material times, Defendants, failed to perform adequate testing to determine the circumstances under which the ATV and its component parts, including the coolant reservoir tank, would become dangerous or hazardous to occupants while being used under intended or reasonably foreseeable conditions and/or in an intended or reasonably foreseeable manner.

**19.** The Plaintiff, **C.C.**, was not given proper protection by the ATV and suffered severe injuries because Defendants failed to provide a vehicle that was reasonably safe and would provide adequate protection to its occupants during foreseeable use.

**20.** At the time of the subject accident, the ATV was unreasonably dangerous and defective, and the defects existing therein subjected Plaintiff, **C.C.**, to an unreasonable risk of harm in that the ATV , as designed with the faulty coolant reservoir tank as described above, had a substantial propensity to cause serious injury to Plaintiff and others similarly situated.

**21.** At the time of the subject accident, the ATV was unreasonably dangerous and defective, and the defects existing therein subjected the Plaintiff, **C.C.**, to an unreasonable risk of harm in that the vehicle, as designed, had a substantial propensity to have its coolant reservoir tank fail under foreseeable conditions.

**22.** The ATV was unreasonably dangerous and defective in design, in that the ATV

and its components, did not provide a reasonable coolant reservoir tank, allowing it to over-pressurize and explode, causing injury to the Plaintiff, **C.C.**

**23.** The ATV and its component parts, including the coolant reservoir tank, were not designed to adequately contain its occupants.

**24.** The Defendants designed, manufactured, and placed the ATV into the stream of commerce, intending that it be used in the precise manner that it was being used at the time the above-mentioned incident occurred.

**25.** At all material times hereto, the ATV was maintained and inspected as often as a reasonably prudent person would have done under the same or similar circumstances and at no time material hereto, was the ATV subjected to any unintended and/or unforeseeable condition.

**26.** The ATV was in substantially the same defective condition at the time of the above mentioned accident as it was when it left the Defendants possession or control.

**27**. The Defendants owed a duty to Plaintiff, **C.C.**, and others similarly situated, to use reasonable care in designing, testing, assembling, manufacturing, inspecting, maintaining, repairing, and replacing the ATV, and in testing and inspecting any component parts, including the coolant reservoir tank, made by another, so that the ATV could be safely used in a manner and for a purpose in which it was intended and made.

**28.** Defendants breached its duty by designing, testing, assembling, manufacturing, installing, inspecting, maintaining, repairing, replacing, and warning about dangers of the ATV in such a negligent manner that it was likely to fail, even while the ATV was used for its intended and foreseeable purpose and/or manner.

**29.** At the time of the subject accident, the ATV was in substantially the same or similar defective condition as it was when it left the Defendant's possession or control.

**COUNT I – STRICT LIABILITY AGAINST PLASTICS – MANUFACTURING DEFECT**

Plaintiff readopts, realleges, and incorporates by reference paragraphs 1-29, above:

**30.** At all material times hereto, **PLASTICS** manufactured the coolant reservoir tank and placed it into the stream of commerce. The coolant reservoir tank contained manufacturing defects, which were unreasonably dangerous to persons, including the Plaintiff, **C.C.**, who was the intended and/or foreseeable user.

**31.** As a result of the manufacturing defects, the ATV and its component parts, including the coolant reservoir tank, failed to perform as safely as an ordinary consumer would expect when utilizing the ATV in an intended and/or reasonably foreseeable manner.

**32.** The manufacturing defects of the ATV and its component parts, including the coolant reservoir tank, were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **PLASTICS**, and further demands a trial by jury.

**COUNT II – STRICT LIABILITY AGAINST KMC - MANUFACTURING DEFECT**

Plaintiff readopts, realleges, and incorporates by reference paragraphs 1-29, above:

**33.** At the time the ATV was manufactured, placed into the stream of commerce, and marketed by the Defendant, **KMC,** the ATV contained manufacturing defects, which were unreasonably dangerous to persons, including the Plaintiff, **C.C.**, who was the intended and/or foreseeable user.

**34.** As a result of the manufacturing defects, the ATV failed to perform as safely as an ordinary consumer would expect when utilizing the ATV in an intended and/or reasonably foreseeable manner.

**35.** The manufacturing defects of the ATV and its component parts were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **KMC**, and further demands a trial by jury.

**<u>COUNT III – STRICT LIABILITY AGAINST PLASTICS - DESIGN DEFECT</u>**

Plaintiff readopts, realleges, and incorporates by reference paragraphs 1-29, above:

**36.** At all material times hereto the defendant, **PLASTICS**, designed and placed into the stream of commerce, the coolant reservoir tank installed on the ATV. The coolant reservoir tank contained design defects, which made the ATV and its component parts, including the coolant reservoir tank, unreasonably dangerous to persons, including the Plaintiff, **C.C.**, who was the intended and/or foreseeable user.

**37.** As a result of the design defects, the ATV and its component parts, including the coolant reservoir tank, failed to perform as safely as an ordinary consumer would expect when utilizing the ATV in an intended and/or reasonably foreseeable manner, and the risk of danger inherent in the design of the ATV and its component parts, including the coolant reservoir tank outweighed the benefits of its design.

**38.** The design defects of the coolant reservoir tank and its components were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **PLASTICS**, and further demands a trial by jury.

**<u>COUNT IV – STRICT LIABILITY AGAINST KMC- DESIGN DEFECT</u>**

Plaintiff readopts, re-alleges, and incorporates by reference paragraphs 1-29, above:

**39.** At the time the ATV was designed and placed into the stream of commerce by the Defendant, **KMC**, the ATV contained design defects, which made the ATV unreasonably dangerous to persons, including the Plaintiff,, **C.C.**, who was the intended and/or foreseeable user.

**40.** As a result of the design defects, the ATV failed to perform as safely as an

ordinary consumer would expect when utilizing the ATV in an intended and/or reasonably foreseeable manner, and the risk of danger inherent in the design of the ATV outweighed the benefits of its design.

**41.** The design defects of the ATV and its component parts were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **KMC**, and further demands a trial by jury.

**COUNT V– STRICT LIABILITY AGAINST KMC – DEFECTIVE WARNING**

Plaintiff readopts, realleges, and re-incorporates by reference paragraphs 1-29, above:

**42.** At the time the ATV was designed, manufactured, and placed into the stream of commerce by the Defendant, **KMC**, the ATV lacked and/or contained defective warnings, which rendered the ATV unreasonably dangerous to persons, including the Plaintiff, **C.C.**, and others similarly situated, who was the intended or foreseeable user of the ATV.

**43.** At all times material hereto, the ATV was maintained and inspected, and the warnings were read and comprehended, as often and as complete as a reasonably prudent person would have done under the same or similar circumstances, and at no time material hereto, was the ATV subjected to any unintended and/or unforeseeable conditions.

**44.** At all times material hereto, the ATV was used in a manner that was intended and/or reasonably foreseeable by the Defendant, **KMC**, which involved substantial danger(s) that would not be readily recognized by an ordinary user of the ATV.

**45.** At all times material hereto, these danger(s) were known or knowable by the Defendant, **KMC**, in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the ATV.

**46.** At all material times, the Defendant, **KMC**, had a duty to provide adequate

warnings to the Plaintiff, and other intended or reasonably foreseeable users, on how to use, maintain, recognize, replace, and appreciate the dangers inherent with the ATV and its component parts.

**47.** At all material times hereto, the Defendant, **KMC**, failed to give adequate warnings of the dangers associated with the ATV and its component parts.

**48.** As a result of the lack of and/or defective warning(s), the ATV failed to perform as safely as an ordinary consumer would expect, when utilizing the ATV in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the lack of and/or defective warning(s) on or with the ATV outweighed the benefits of the warning(s) design, and the use of the ATV.

**49.** The lack of and/or defective warning(s), on or with the ATV, were the direct and proximate cause of the ATV's component malfunction, which caused severe injury to the Plaintiff, **C.C**.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **KMC**, and further demands a trial by jury.

**COUNT VI– STRICT LIABILITY AGAINST PLASTICS – DEFECTIVE WARNING**

Plaintiff readopts, re-alleges, and re-incorporates by reference paragraphs 1-29, above:

**50.** At the time the coolant reservoir tank was designed, manufactured, and placed into the stream of commerce by the Defendant, **PLASTICS**, the coolant reservoir tank lacked and/or contained defective warnings, which rendered the ATV and its component parts, including the coolant reservoir tank, unreasonably dangerous to persons such as the Plaintiff, **C.C.**, and others similarly situated, who was the intended or foreseeable user of the ATV.

**51.** At all times material hereto, the ATV and its component parts, including the coolant reservoir tank, were maintained and inspected, and the warnings read and comprehended as often and as completely as a reasonably prudent person would have done under the same or similar circumstances, and at no time material hereto, was the ATV and its component parts,

including the coolant reservoir tank, subjected to any unintended and/or unforeseeable conditions.

**52.** At all times material hereto, the ATV and its component parts, including the coolant reservoir tank, was used in a manner that was intended and/or reasonably foreseeable by the Defendant, **PLASTICS**, which involved substantial danger(s) that would not be readily recognized by an ordinary user of the ATV.

**53.** At all times material hereto, these danger(s) were known or knowable by the Defendant, **PLASTICS**, in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the coolant reservoir tank.

**54.** At all material times, the Defendant, **PLASTICS**, had a duty to provide adequate warnings to the Plaintiff, and other intended or reasonably foreseeable users, on how to use, maintain, recognize, replace, and appreciate the dangers inherent with the ATV and its component parts, including the coolant reservoir tank.

**55.** At all material times hereto, the Defendant, **PLASTICS**. failed to give adequate warnings of the dangers associated with the ATV and its component parts, including the coolant reservoir tank.

**56.** As a result of the lack of and/or defective warning(s), the ATV and its component parts, including the coolant reservoir tank, failed to perform as safely as an ordinary consumer would expect when utilizing the ATV and its component parts, including the coolant reservoir tank, in an intended and/or reasonably foreseeable manner, and/or the risk of danger inherent in the lack of and/or defective warning(s) on or with the ATV and its component parts, including the coolant reservoir tank, outweighed the benefits of the warning(s) design, and the use of the ATV and its component parts, including the coolant reservoir tank.

**57.** The lack of and/or defective warning(s) on or with the ATV and its component

parts, including the coolant reservoir tank, were the direct and proximate cause of the ATV's component malfunction, which caused severe injury to the Plaintiff, **C.C**.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **PLASTICS**, and further demands a trial by jury.

**COUNT VII – NEGLIGENCE AGAINST PLASTICS – MANUFACTURE**

Plaintiff readopts, realleges, and re-incorporates by reference paragraphs 1-29, above:

**58.** The Defendant, **PLASTICS**, breached such duties by designing, testing, manufacturing, assembling, inspecting, maintaining, repairing, and replacing the coolant reservoir tank and/or its parts, in such a negligent manner that it was likely to have over pressurized the coolant tank, causing it to fail, and resulting in the Plaintiff's injuries

**59.** The negligent manner in which the coolant reservoir tank was manufactured was the direct and proximate cause of the explosion of the coolant reservoir tank and its component parts.

**60.** As such. The negligent manufacturing of the coolant reservoir tank and its component parts were the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, PLASTICS, and further demands a trial by jury.

**COUNT VIII – NEGLIGENCE AGAINST KMC – WARNING**

Plaintiff readopts, realleges, and re-incorporates by reference paragraphs 1-29, above:

**61.** At all material times, the ATV was operated in a manner that was intended and/or reasonably foreseeable by the Defendant, **KMC**.

**62.** The lack of warning and nature of the faulty components involved a substantial danger that would not be readily recognized by an ordinary user of the vehicle.

**63.** At all times material hereto, these danger(s) were known or knowable by the Defendant, **KMC**, in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the ATV.

**64.** At all times material hereto, the Defendant, **KMC**, had a duty to provide adequate warning(s) to the Plaintiff and other foreseeable users on how to use, maintain, and recognize, and appreciate the dangers inherent within the ATV and its components.

**65.** At all material times hereto, the Defendant, **KMC**, failed to give adequate warning(s) of the danger associated with the ATV.

**66.** The lack of and/or negligent warning(s) on or with the ATV was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **KMC**, and further demands a trial by jury.

**COUNT IX – NEGLIGENCE AGAINST PLASTICS – WARNING**

Plaintiff readopts, realleges, and re-incorporates by reference paragraphs 1-29, above:

**67.** At all material times hereto, the ATV and its component parts, including the coolant reservoir tank, were operated in a manner that was intended and/or reasonably foreseeable by the Defendant, **PLASTICS**.

**68.** The lack of warning and nature of the faulty components involved a substantial danger that would not be readily recognized by an ordinary user of the vehicle.

**69.** At all times material hereto, these danger(s) were known or knowable by the Defendant, **PLASTICS**, in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture, and distribution of the ATV and its component parts, including the coolant reservoir tank.

**70.** At all material times, the Defendant, **PLASTICS**, had a duty to provide adequate warning(s) to the Plaintiff and other foreseeable users on how to use, maintain, and recognize, and appreciate the dangers inherent within the ATV and its component parts, including the coolant reservoir tank.

**71.** At all material times hereto, the Defendant, **PLASTICS**, failed to give adequate

warning(s) of the danger associated with the ATV and its component parts, including the coolant reservoir tank.

**72.** The lack of and/or negligent warning(s) on or with the ATV and its component parts, including the coolant reservoir tank, were the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, **C.C.**, demands judgment for damages against the Defendant, **PLASTICS**, and further demands a trial by jury.

DATED this 5th day of May, 2017.

GOLDMAN & DASZKAL, P.A.
Attorneys for Plaintiff
1630 West Hillsboro Boulevard
Deerfield Beach, FL 33442
Telephone: (954) 428-9333
Facsimile: (954) 428-9338
Email: Service.Hunt@gdinjurylaw.com

BY: ______________________________
ALEXANDER R. HUNT, ESQUIRE
FBN: 50206